## PORCELAIN APPLIANCE CORPORATION v. TRENLE PORCELAIN CO. et al.

Circuit Court of Appeals, Sixth Circuit.
November 10, 1928.

Nos. 4970–4972.

Charles J. Williamson, of Washington, D. C., for appellant.

David A. Woodcock, of New York City (Duell, Dunn & Anderson and Holland S. Duell, all of New York City, on the brief), for appellees.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. Infringement suits on Fargo patent, No. 1,329,656, and Parker patent, No. 1,429,369, covering knobs for use in attaching electric wires in position. The patents relate to the now familiar device comprising a porcelain cap and base, provided with suitable grooves on opposing faces to grip and hold electric wires, and having axial holes through which a nail can be driven so that its point enters the wall and its head goes down upon the cap and binds cap and base together. The court below dismissed the bill as to both patents.

■■ Doubtless, when these parts were supplied separately to the workmen, there was some trouble in the attaching operation on account of the difficulty of holding the parts assembled while the nail was driven. The Fargo patent is claimed to be the broader one, and considered in a broad sense, it provides only for assembling, at the factory, parts which the workmen had customarily assembled on the job; and it is characterized by putting a friction washer on the nail partially below the porcelain base, so that the elements will not fall apart. The Patent Office conclusion that this was patentable depended upon a matter of precision in the location of the washer, which we need not consider, for we agree with the District Judge that the evidence of prior use in Summit, N. J., is sufficient to make out complete anticipation. To reach this conclusion, we need not depart

from the rule requiring that such anticipatory proof should be most convincing. Here, it is not really challenged, save in two particulars. It is said to be unproved that the leather washers used at Summit would stick tightly enough to hold the parts together against accidentally falling apart, or that these washers were exactly positioned on the nails; and it is said that Fargo antedates this use. We are not impressed by the first criticism. The purpose of putting on these washers was to hold the parts together, and it naturally would have been done with a reasonably tight fit; in attaching the wires, if not before, the washer would take the specified position upon the nail. Fargo's early invention does not appear except by his preliminary statement in an interference proceeding; and, if this were evidence in this case, it would not show anything sufficiently definite, as against the anticipating proof.

The Parker patent is to be distinguished from Fargo in one particular only, and its validity, as involving invention, must depend upon that one feature. It is to be assumed that the friction of the leather washer upon the nail in Fargo might not always be efficient to prevent it from slipping off the point of the nail. To improve it in this paricular, Parker struck up fins or barbs on the side of his nail, above the point, and drove the nail through the leather from above; the barbs prevented backward slip. To test whether this involved invention over Fargo to the extent which permits defendant's form to be called an infringement, we may compare this form directly with Fargo. In order to provide a washer that would "stay put," defendant took a thin metallic disc and drove the nail through it from above, thus somewhat dishing the washer, and quite preventing easy retraction. We may well take notice that to drive a nail through a thin piece of sheet metal, and thereby get an adhesive washer, is among the common expedients of any mechanic; and we are entirely clear that to substitute that kind of a washer, so attached, for the frictional leather washer of Fargo and of the prior art, cannot be regarded as a patentable invention; hence, considering it from any aspect which would support a finding of infringement, the Parker patent is invalid.

Judge DONAHUE participated in the conference decision; this opinion was not prepared until after his death.

The decree in each case is affirmed.